# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MARK S. LEWIS
ADC #650548                                                                                    PLAINTIFF

v.                                      CASE NO. 3:17-CV-00332 BSM

CLINT DAVIS, et al.                                                                          DEFENDANTS

## ORDER

Plaintiff Mark Lewis filed a *pro se* civil rights complaint pursuant to 42 U.S.C. section 1983 [Doc. No. 2] against Clay County deputy sheriffs Clint Davis, Michael Beasley, and Cody Carter, as well as parole officer Justin Barnes in their official and personal capacities. Lewis alleges that, while he was incarcerated, the defendants allowed his brother, sister, and certain others to "scourge [his] mother's house" and steal items not belonging to them, including property belonging to Lewis. *Id*. at 4–5, 8–11. Lewis explains that he wrote voluntary statements regarding some individuals who purportedly stole items belonging to him but that Clay County did nothing in response because those individuals were confidential informants. *Id*. at 5. Lewis further alleges that the defendants allowed his former girlfriend to wreck his vehicle twice but did not reimburse him for any damage to the car. *Id*. at 5. He seeks reimbursement for his losses. *Id*. at 5–6.

Lewis is incarcerated at the Barbara Ester Unit of the Arkansas Department of Correction, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. It must be determined whether the cause of action stated in Lewis's complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that does not allege "enough facts to state a claim to relief that is plausible on its face" fails to state a claim on which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Lewis sued defendants in their official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id.* Because Lewis has not alleged that any policy, practice, or custom was the moving force behind the alleged violation of his protected rights, he has failed to state a claim for relief against defendants in their official capacities.

Lewis's claims center around the alleged deprivation of property. "The due process clause of the Fourteenth Amendment prohibits state government from depriving 'any person of life, liberty, or property, without due process of law . . . .'" *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). Lewis, however, made no specific allegations against any defendant. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Lewis included no specific allegations as to any defendant, he failed to state a claim against any defendant. *Id.*

Further, Lewis's allegations are interpreted as a procedural due process claim. With respect to procedural due process, an intentional deprivation of property by a state actor "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). If defendants' alleged actions in allowing third-parties to steal Lewis's property were intentional, Lewis may seek to recover his property through a state-law action for conversion. Accordingly, he does not have a viable procedural due process claim in connection with an intentional deprivation. Lewis's procedural due process claim fares no better if defendants acted negligently in allegedly allowing third parties to deprive him of his property. The "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss . . . of property." *Daniel v. Williams*, 474 U.S. 327, 328 (1984).

Lewis has failed to state a claim on which relief may be granted. Accordingly, his complaint is dismissed without prejudice. An *in forma pauperis* appeal would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. section 1915(g).

IT IS SO ORDERED this 26th day of February 2018.

_____
UNITED STATES DISTRICT JUDGE